UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES V. MCCLAIN III,

    Plaintiff,

  v.

INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT 751,

    Defendant.

CASE NO. C05-0218C

ORDER

I.   INTRODUCTION

This matter has come before the Court on Defendant's motion to dismiss (Dkt. No. 16) and Defendant's motion for sanctions (Dkt. No. 25). Having carefully considered the papers filed by the parties in support of and in opposition to the motions, the Court has determined that no oral argument shall be necessary. For the reasons that follow, Defendants' motions are hereby GRANTED.

II.   BACKGROUND

Plaintiff's complaint in the above-captioned action purports to state a claim for violation of his rights under Title I of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 401 *et seq*. The complaint alleges that

    the business representative's elections held in October 2004 and by acclamation again in

ORDER – 1

November 2004, were not held in accordance with the IAM Constitution, District and Local Lodge Bylaws and the LMRDA. To wit: The Officers and Business Representatives were not elected but appointed in violation of the IAM Constitution, Local and District by-laws and the LMRDA.

(Compl. ¶ 5.) The complaint further alleges that

the disqualification of candidate Charles V. McClain III from the ballot for President violated the Landrum-Griffin Act (LMRDA). To wit: The Plaintiff's rights under Title I were violated and specifically 29 CFR 452.20 Prior Office Holding which was upheld by a ruling sought and won by the *U.S. Department of Labor in Wirtz v. Hotel and Motel Employees Union - Local 6*, 391 US 492,499 (1968). That decision upheld that requiring prior office holding is unreasonable. Thus, cannot be used to disqualify a candidate from running for Office.

(*Id*. ¶ 6.)

Plaintiff filed another lawsuit against the Defendant Union in August 2002, asserting virtually the same claims as above, and other claims not re-alleged here. *McClain v. Int'l Ass'n of Machinists, District 751*, No. C02-1679Z (W.D. Wash. filed Aug. 14, 2002). In particular, Plaintiff alleged that "two Eastern Washington Locals did not accept self-nomination cards Local Lodge 86 and Local Lodge 1123 Preventing plaintiff's name from appearing on the ballot." (C02-1679C, Compl. ¶ 5, Dkt. No. 1.)

This previous complaint was dismissed by the Honorable Thomas S. Zilly, United States District Judge, on October 25, 2002. Judge Zilly found that: (1) Plaintiff had no private right of action to enforce Title IV claims, (2) Plaintiff failed to state a Title I claim for which relief could be sought, and (3) the relief sought by Plaintiff, a new election, was available exclusively for violations of Title IV. (October 25, 2002 Order in C02-1679Z, Dkt. No. 24.) The order of dismissal was affirmed by the Ninth Circuit on December 12, 2003.

In the instant action, Defendant has moved to dismiss Plaintiff's complaint on the grounds that Title I of the LMRDA does not allow a completed election to be challenged, and because Plaintiff has failed to state a claim under Title I of the LMRDA.

III.  ANALYSIS

As a preliminary matter, the Court finds that Defendant did not waive its rights to assert Rule

ORDER – 2

12(b) defenses. Defendant properly raised these defenses in its Answer. (Answer at 2.)

    A.    *Subject matter jurisdiction*

Fed. R. Civ. P. 12(b)(1) provides an avenue by which a party may move to dismiss an action because of a lack of subject matter jurisdiction. Once challenged, the burden of establishing the existence of subject matter jurisdiction rests on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442 (1942). When considering a motion to dismiss under 12(b)(1), a court is not restricted to the face of the pleadings, but may review any evidence to resolve factual issues relevant to the jurisdictional determination. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Consideration of material outside the pleadings does not convert the motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).

Here, Plaintiff acknowledges that the LMRDA does not control business representative elections. Indeed, Plaintiff makes this concession in an effort to evade Title IV's provision that "the remedy provided by this subchapter for challenging an election already conducted shall be exclusive." 29 U.S.C. § 483. However, removing himself from the scope of Title IV does not cure the problem previously pointed out by Judge Zilly, that a federal district court has no source of authority by which to direct new elections for business representatives, the relief Plaintiff seeks. Therefore, Plaintiff has not sustained his burden of showing that the Court has subject matter jurisdiction over the subject of this lawsuit. Therefore, Plaintiff's complaint must be dismissed.

To the extent that Plaintiff attempts to avoid this outcome by pleading a claim under Title I, he is unsuccessful. Although a court may "look beyond the allegations in the complaint to find that in substance a plaintiff is bringing Title IV claims under the equal rights language of Title I," (Order Dismissing C02-1679C at 4 (citing *Calhoon v. Harvey*, 379 U.S. 134, 138 (1964)), this is not necessary in the case at bar. The allegations in the complaint fail to maintain even the appearance of a claim under Title I. Here, as in his previous lawsuit, Plaintiff seeks to have the Court order a new election supervised by the Department of Labor. (Compl. ¶ 1.) However, it is well established that appropriate Title I relief

ORDER – 3

does not include the invalidation of an election that has already been concluded. *Local No. 82, Furniture & Piano Moving v. Crowley*, 467 U.S. 526, 541 (1984). In addition, Plaintiff repeats the allegations that the election/appointment of officers and business representatives violated the union constitution, local and district bylaws, and the LMRDA. However, these allegations do not trigger relief under Title I, which guards against discrimination. For these reasons, the Court finds that Plaintiff's complaint, though invoking Title I, does not truly fall within the ambit of Title I.

Accordingly, the Court finds that it lacks subject matter jurisdiction over the substance of Plaintiff's complaint.

B.   *Title I claim*

Even if the Court had found that Plaintiff's request for relief generally properly sounded in Title I, Plaintiff fails to state a claim for which relief can be granted under Title I. Fed. R. Civ. P. 12(b)(6) provides that an action will be dismissed for failure to state a claim upon which relief may be granted. A court will grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a court must accept all material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party, conclusory allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

Here, Plaintiff's allegations are insufficient to support a claim that the union discriminated against him in violation of Title I. Title I "is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote. And Congress carefully prescribed that even this right against discrimination is 'subject to reasonable rules and regulations.'" *Calhoon*, 379 U.S. at 139. Plaintiff's complaint fails to state that he has been discriminated against, much less explain the shape taken by the allegedly discriminatory behavior, or why the alleged discrimination, if any, does not fall within the "reasonable rules and regulations" allowance. For this reason, the Court finds that Plaintiff

ORDER – 4

has not shown that he could prove any set of facts that would entitle him to relief under Title I of the LMRDA.  Accordingly, even if the Court had subject matter jurisdiction over this action, the complaint would have to be dismissed for failure to state a claim.

    C.    *Defendant's motion for sanctions*

Fed. R. Civ. P. 11(b) provides that sanctions may be imposed when a party makes a filing that is frivolous, legally unreasonable, without factual foundation, or is brought for improper purpose.  *Truesdell v. S. Cal. Permanente*, 293 F.3d 1146, 1153 (9th Cir. 2002).  "[T]he central purpose of Rule 11 is to deter baseless filings in the district court."  *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990).  Sanctions are assessed without reference to the existence of bad faith.  *Zuniga v. United Can Co.*, 812, F.2d 443, 452 (9th Cir. 1987).  Sanctions are especially appropriate where, as here, Plaintiff has been notified that filing multiple lawsuits on virtually the same claim may result in sanctions.  (*See* Order Dismissing C02-1679Z at 8 (citing *Swig v. Dep't of Motor Vehicles*, No. 89-15739, 1991 WL 55463, at **1 (9th Cir. Apr. 15, 1991).)  In addition, Plaintiff's *pro se* status does not prohibit the imposition of sanctions against him.  *See, e.g.*, *Swig*, 1991 WL 55463 at **1.

Plaintiff has filed multiple complaints with the Department of Labor alleging virtually identical claims regarding the same transaction.  The Department of Labor rendered decisions in favor of Defendant on each of these instances, clearly explaining its rulings.  In addition, Plaintiff's previous federal district court action also involved virtually identical claims regarding the same transaction.  Judge Zilly's order dismissing the complaint was quite detailed and contained careful explanations of why the Court lacked subject matter jurisdiction over Plaintiff's complaint.  Given this history of repeated explanations of why Plaintiff's claims have no merit, the Court finds that Plaintiff was on notice that his claims against Defendant regarding the election of business representatives, no matter how they were couched, were without merit and would be regarded as frivolous.

For these reasons, the Court finds that an imposition of sanctions against Plaintiff is appropriate.  Defendant's motion for sanctions is GRANTED.

ORDER – 5

IV.   CONCLUSION

In accordance with the foregoing, Defendant's motion to dismiss is hereby GRANTED. Plaintiff's complaint is DISMISSED with PREJUDICE. Defendant is directed to submit supplemental briefing on the costs associated with defending the instant action. Defendant's submission is due by September 2, 2005. Plaintiff's response, if any, is due September 12, 2005. Defendant's reply, if any, is due by September 16, 2005.

SO ORDERED this 12th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 6