UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES V. MCCLAIN III,

    Plaintiff,

    v.

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,
DISTRICT 751,

    Defendant.

CASE NO. C05-0218C

ORDER

    This matter has come before the Court on Defendant's request for sanctions in the amount of $17,095.76 and the papers filed in response thereto. Defendant's request was submitted in compliance with this Court's order of August 12, 2005, awarding Rule 11 sanctions against Plaintiff.

    Plaintiff's response to Defendant's request for sanctions notes that on July 21, 2005, he filed for Chapter 7 bankruptcy. Plaintiff contends that Defendant "has filed a frivolous motion in an attempt to circumvent the bankruptcy laws." (Pl.'s Resp. at 4.) By this, Plaintiff is presumably charging Defendant with violating the automatic stay provisions of 11 U.S.C. § 362.

    The automatic stay provision states that a bankruptcy filing

> operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other

ORDER – 1

>action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . ., or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).  However, in the Ninth Circuit, the automatic stay does not apply to proceedings initiated by a debtor.  *In re Way*, 229 B.R. 11, 13 (B.A.P. 9th Cir. 1998).

>The automatic stay of § 362(a) is intended to preserve the status quo and provide a debtor with a breathing spell from its creditors, while simultaneously preventing creditors from racing to various courthouses to pursue independent remedies against a debtor.  The primary purposes of § 362 do not apply, however, to offensive actions by a debtor or bankruptcy trustee, as the same policy considerations do not exist where the debtor has initiated a prepetition lawsuit against a creditor.  Therefore, we have clearly held that the automatic stay does not prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action.

*Id.*  In addition, it is well-established that a litigant may "pursue and obtain a monetary judgment (*i.e.*, sanctions award) based on Debtor's post-petition conduct without seeking relief from the automatic stay."  *In re Miller*, 262 B.R. 499, 507 (B.A.P. 9th Cir. 2001) (citing *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991)).  Here, Defendant's motion for sanctions was originally filed on July 7, 2005, prior to Plaintiff's bankruptcy filing.  The motion was related to Plaintiff's pre-petition conduct.  Thus, the question presented in the case at bar is whether the Court may grant a motion for sanctions brought pre-petition for Debtor/Plaintiff's pre-petition behavior.  For the following reasons, the Court concludes that it may.

*Way* and *Miller* delineate a discrete space circumscribed by the statute in which it is permissible for a litigant to seek sanctions against a debtor who has filed for bankruptcy.  *Way* permitted a defendant in a pre-petition proceeding commenced by the debtor to move for dismissal and for fees and costs even after the debtor had filed for bankruptcy.  229 B.R. at 13-14.  *Miller* found that § 362(a)(1) permitted a post-petition motion for sanctions related to post-petition conduct, and also found that such a motion did not violate the terms of § 362(a)(3), which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  262 B.R. at 507

ORDER – 2

(noting, however, that while obtaining the monetary judgment did not violate the stay, attempting to collect the judgment would).  Thus, although neither *Way* nor *Miller* squarely addresses a post-petition award of sanctions resulting from a pre-petition motion related to pre-petition conduct, the Court finds that *Way* opens the door for Defendant's continued pursuit (via its response to the Court's order directing further briefing) of sanctions and *Miller* opens the door for entry of judgment for such sanctions.  For these reasons, the Court finds that it may enter a monetary judgment against Plaintiff despite his bankruptcy filing.

With respect to the amount requested, the Court finds that Defendant has provided sufficient documentation to justify an award of sanctions against Plaintiff in the amount of $17,095.76.  The Clerk is directed to enter judgment accordingly.

Plaintiff's response to Defendant's fees memorandum includes what could be construed as a motion for reconsideration of the Court's August 12 order.  However, the time in which Plaintiff could have moved for reconsideration of that order expired on August 26, 2005.  In any case, the arguments Plaintiff presents fail to satisfy the requirements of Local Rule CR 7(h)(1), which provides that motions for reconsideration will only be granted where the movant makes a "showing of manifest error or of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  For these reasons, the Court DENIES Plaintiff's motion for reconsideration.

Finally, the Union requests that the Court impose a bar order on Plaintiff restricting his ability to file future complaints against District 751 and/or the International Association of Machinists and Aerospace Workers.  Plaintiff is directed to SHOW CAUSE by October 14, 2005, why an order should not be entered barring him from filing any more actions involving the same nucleus of facts as this action and the action previously dismissed by Judge Zilly against District 751 and/or the International Association of Machinists and Aerospace Workers.  Defendant is directed to file a response to Plaintiff's

//

//

ORDER – 3

1  brief by October 21, 2005. Plaintiff's reply, if any, is due by October 28, 2005.

3   SO ORDERED this 27th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

26  ORDER – 4