UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. MCCLAIN III, PRO SE,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT 751,<br><br>Defendants. | CASE NO. C05-0218C<br><br>ORDER |

This matter has come before the Court on Plaintiff's response to the Court's Order to Show Cause, entered on September 27, 2005. In that order, the Court directed Plaintiff to show cause why he should not be barred from filing any more actions involving the same nucleus of facts as the above-captioned action and the action previously dismissed by the Honorable Thomas S. Zilly, United States District Judge,[1] also against this Defendant. For the following reasons, the Court finds that Plaintiff has failed to show cause why a bar order, as described above, should not be entered.

Litigation misconduct is sanctionable under the Court's inherent powers, General Rule 3(d), and Fed. R. Civ. P. 11. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The Court has the inherent

---

[1] *McClain v. Int'l Ass'n of Machinists, District 751*, No. C02-1679Z (W.D. Wash. filed Aug. 14, 2002).

ORDER – 1

authority "to sanction a party . . . if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)), *cert. denied*, 534 U.S. 1066, 122 S. Ct. 667 (2001).  The Court has authority under Local General Rule 3(d) to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . ., or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously." GR 3(d); *Cf.* 28 U.S.C. § 1927.  Rule 11 also provides a basis for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997), *cert. denied*, 522 U.S. 1111 (1998).  When faced with litigation abuses by a *pro se* party, a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*." *See Warren v. Guelder*, 29 F.3d 1386, 1390 (9th Cir. 1994).

Here, Plaintiff has filed two virtually identical actions.  Both actions are premised on the same nucleus of facts involving union elections.  In both cases, the Court has endeavored to explain why Plaintiff's requested relief may not be granted.  Despite the Court's efforts to explain to Plaintiff why the relief requested is not available, Plaintiff continues to insist that he will "bring forth . . . a new action" in this district.  (Pl.'s Resp. to Show Cause at 2:20.)  In addition, Plaintiff believes that "[no statute of limitations applies nor is there any duty to act in good faith or exercise due diligence on the part of Plaintiff."  It is this latter sentiment which the Court finds particularly troubling and which especially justifies the entry of this order.  The Court interprets this last statement as an unambiguous statement regarding Plaintiff's intent to continue his harassing and vexatious litigation.

For these reasons, the Court hereby ORDERS that after today's date, any complaint or petition submitted for filing in this district in which Charles V. McCain III is a named plaintiff or purports to act as party representative and which concerns the same nucleus of facts as the above-captioned action and

ORDER – 2

1  C02-1679Z shall be subject to review by the Court prior to issuance of summons or service of process by
2  the Court.  The following review provisions shall apply, except in cases where Charles V. McCain III is
3  represented by an attorney licensed to practice law in this district:
4      The Court will review the complaint to determine whether good cause exists to permit the action
5  to proceed in light of the claims raised therein and Plaintiff's past litigation abuses.  The filing shall be
6  accompanied by a signed certification that all outstanding monetary sanctions have been satisfied.  In
7  addition, the filing shall be accompanied by a second, signed statement entitled "Rule 11 Certification."
8  Under the "Rule 11 Certification" heading, each legal claim raised in the complaint shall be listed in a
9  separate paragraph.  Each separate paragraph shall provide the factual and legal base for the relevant
10 claim, and shall explain why the claim is not legally or factually frivolous, and why the claim is not related
11 to the same nucleus of facts as the above-captioned case and/or C02-1679Z.  If the Court determines that
12 good cause has not been shown, the action will be dismissed *sua sponte* without further notice.  If the
13 Court also determines that sanctions are appropriate, those shall be imposed at the same time the action is
14 dismissed.  Plaintiff shall have an opportunity to explain why sanctions should not be imposed in a post-
15 judgment motion for reconsideration filed within **ten (10)** days of the judgment.
16     The Clerk of Court is directed to send a copy of this order to Plaintiff and to all counsel of record.

18     SO ORDERED this <u>9th</u> day of November, 2005.

                                            */s/ John C. Coughenour*
                                        UNITED STATES DISTRICT JUDGE

26 ORDER – 3